UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JARED PECK, individually and on behalf of all the members of the class of persons similarly situated,

Plaintiff,

v.

CINGULAR WIRELESS, LLC, a Delaware limited liability company, d/b/a Cingular Wireless, et al.,

Defendants.

No. C06-343Z

ORDER

THIS MATTER comes before the Court on plaintiff's motion for remand, docket no. 78. Having reviewed all papers filed in support of and in opposition to plaintiff's motion, the Court hereby GRANTS the motion and REMANDS this case to King County Superior Court.

**Background**

In March 2006, defendants removed this case from King County Superior Court on the ground that plaintiff's state law claims are preempted by the Federal Communications Act ("FCA"), 47 U.S.C. § 332. In October 2006, the Court granted defendants' motion to dismiss on the basis of preemption. Order (docket no. 61). Plaintiff appealed. In September

ORDER 1–

2008, the Court of Appeals for the Ninth Circuit issued its mandate, giving effect to its decision that the FCA does not preempt plaintiff's claim under RCW 82.04.500, and vacating this Court's order of dismissal. Plaintiff now moves to remand this case to King County Superior Court.

**Discussion**

Defendants contend that, although they did not in their Notice of Removal allege jurisdiction on any basis other than preemption, the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(2)(A), which provides in part that "[t[he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." Plaintiff responds that defendants cannot rely on jurisdictional grounds not asserted in their Notice of Removal. Ninth Circuit authority establishes a different standard than articulated by either party: "Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." <u>Williams v. Costco Wholesale Corp.</u>, 471 F.3d 975, 977 (9th Cir. 2006). Thus, the issues before the Court are whether the case was properly removed, and if so, whether jurisdiction on a ground other than preemption is apparent from the complaint.

The analysis of both issues weighs in favor of remand. Because plaintiff's state law claims are not preempted by federal law, preemption did not serve as a valid basis for removal of the action, and therefore, removal was never perfected. In addition, the factual allegations of the complaint do not evidence the requisite jurisdictional amount. The complaint explicitly states that the total amount of damages, including treble damages under Washington's Consumer Protection Act, is less than $5,000,000. Complaint at ¶ 8.5, Exh. A to Notice of Removal (docket no. 1). The complaint provides as further support a potential class size of "at least 100,000" persons, <u>id.</u> at ¶ 3.2, and an estimate of actual damages of less

ORDER 2–

than $50 for the putative class representative, *id.* at ¶ 2.8; *see also id.* at ¶ 2.2 (indicating that for the month of January 2005, the actual loss was $0.31). Defendants attempt to supplement or contradict plaintiff's computation of the amount in controversy, but having failed to allege class action diversity jurisdiction in their Notice of Removal, defendants cannot now amend to correct deficiencies relating to such basis for jurisdiction. *See Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969) ("[S]ince removal must be effected by a defendant within 30 days after receiving a copy of the complaint (28 U.S.C. § 1446), the removal petition cannot be thereafter amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made." (interpreting 28 U.S.C. § 1653)). Thus, the Court concludes that it does not have jurisdiction in this matter and REMANDS the case to King County Superior Court.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 24th day of October, 2008.

                                                                Thomas S. Zilly
                                                                 United States District Judge

ORDER 3–